UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ARTUR WOLLOCKO,

        PETITIONER,

vs.

JOHN DOE, WARDEN, MDC
BROOKLYN, on behalf of the
UNITED STATES OF AMERICA,

        RESPONDENTS.

-------------------------------------------------------x

**PETITION**

## 07 CIV. 8420

### JUDGE ROBINSON

PETITIONER, ARTUR WOLLOCKO, hereby brings this petition to challenge the constitutionality of his incarceration as follows:

1. Artur Wollocko is currently confined at MDC Brooklyn serving a determinate sentence of twenty months, which commenced on or about May 7, 2007.

2. Petitioner has filed no prior petitions pursuant to 28 U.S.C. sec. 2255 or any other like provision.

3. Grievant, John Doe, serves as the warden of MDC Brooklyn, the facility in which petitioner is held.

4. This Honorable Court has jurisdiction over this Petition pursuant to 28 U.S.C. secs. 1331 and 2255.

5. On or about November 2005, petitioner entered a plea of guilty to what he understood was one court of mail fraud relating to his alleged facilitation of a transaction between his employer and a third party in which his wife's company acted as a broker.

6. Before entry of this plea, petitioner's retained counsel repeatedly explained to petitioner that this was the transaction to which he was pleading and for which he was going to

be sentenced.

7. Petitioner's counsel also explained to petitioner that his sentence would be computed based in part on the sum of restitution deriving from this transaction, a sum of less than $17,000.

8. In reliance on these representations, petitioner entered a plea of guilty.

9. Petitioner did not allocute at the plea and the plea minutes make clear that he was advised he was pleading guilty to a single transaction, which he reasonably construed as set forth above in light of the legal advice he had received.

10. Shortly after his plea, petitioner learned that the Probation Department construed his plea as covering two separate transactions and attributed responsibility to him for mail fraud arising from the sale to his former employer of a machine at an allegedly inflated price.

11. Petitioner never admitted that he played any role in the setting of the price for this transaction or that, as the government had alleged, he or his wife, benefitted from the inflation of the machine's price.

12. Immediately after learning that the government believed he had plead guilty to this count of mail fraud, petitioner and his counsel provided information to the Probation Department which demonstrated that [a] petitioner had not participated in setting the price for this equipment; [b] neither petitioner nor his wife benefitted from this transaction and [c] the price his former employer paid for the machine was a fair, market price, not one inflated for any reason.

13. Sentencing was delayed for a period of more than one year in this matter.

14. During that year, petitioner's trial counsel became increasing ill.

15. By the time of sentencing, petitioner's initial counsel was unable to attend due to his serious illness.

16. Two attorneys attended the sentencing on behalf of the petitioner.

17.  These attorneys knew, and had reason and responsibility to know, that petitioner had never accepted responsibility for a sum of restitution or a sentencing guideline range reflecting his commission of two counts of mail fraud.

18.  Despite this knowledge, at sentencing, neither attorney challenged either the sum of restitution, which predicated the sentencing range, or the sentencing range.

19.  Neither attorney pointed out to the court that petitioner had never knowingly and voluntarily accepted responsibility, through a plea, for the crime for which he was being sentenced.

20.  The sentence imposed upon petitioner would have been substantially less had the Court sentenced him to the crime which he admitted committing and, in fact, petitioner would now be free had he been sentenced for what he admitted responsibility.

21.  The conduct of petitioner's three counsel fell beneath the standard of professional competence generally expected of defense counsel and denied petitioner effective assistance of counsel.

22.  Petitioner's three counsel provided petitioner ineffective assistance of counsel.

23.  By failing to insure that petitioner knowingly and voluntarily entered a plea of guilty to that which he admitted, not to a charge for which he denied culpability, petitioner's counsel pursued no strategy, but, rather, served petitioner deficiently and ineffectively.

24.  On account of the constitutionally ineffective assistance of counsel, the sentence to which this Honorable Court sentenced petitioner was improper and his continued confinement is unconstitutional.

25.  On account of the unconstitutionality of his sentence, petitioner is irreparably harmed by and through further incarceration.

WHEREFORE, petitioner prays that this Honorable Court:

a) accept jurisdiction in this matter;

b) order the Grievant to show cause why holding petitioner is constitutionally permissible in light of the foregoing;

c) release petitioner forthwith, and

d) enter any other and further relief as it deems just, legally required and proper.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

COUNSEL FOR PETITIONER

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

DATED: SEPTEMBER 27, 2007