## AFFIDAVIT OF ARTUR WOLLOCKO

STATE OF NEW YORK )
                              ) ss:s.
COUNTY OF KINGS   )

      I, Artur Wollocko, make this affidavit under pains and penalties of perjury:

      1. I am currently incarcerated for a term of twenty months, having plead guilty on November 23, 2005 to two counts, the first of mail fraud in violation of Title 18, U.S.C. sections 1341 and the second a violation of Title 21, U.S.C. section 846.

      2. Due to the illness of my counsel, Mr. Fallick, my sentencing was delayed until March 7, 2007. At the sentencing, Benjamin Ostrer and Michael Mazzariello served as my counsel.

      3. I make this Affidavit in support of my request for a certificate allowing me to file a Petition for a Writ of Habeas Corpus alleging ineffective assistance of counsel. The crux of my claim is set forth below.

      4. Before taking a plea, I told Mr. Fallick and Mr. Mazzariello, who was assisting him and then associated with Mr. Ostrer, that I was not guilty of any crime relating to the sale of the XRPD machine from Phillips to my former employer, Purdue. I explained that the price paid by Purdue for this machine was market value and the transaction totally unrelated to any lease by my wife's company of the same machine. Mr. Fallick told me many times that I was NOT PLEADING guilty to this aspect of the Information and that I was pleading guilty to not advising my company that it was purchasing certain software for $45,000 from my wife's company. My wife's company received a $17,000 commission on this sale and I did not advise Purdue of this connection when I recommended the purchase of the software from her . I

Page -1-

understood that this was the sole offense relating to the XRPD matter to which I was going to plead guilty.

5. At the plea, I was allocuted, but as shown in Exhibit 1, p. 20, the allocution was vague and I continued to understand that I was taking a plea to, and only to, the $45,000 transaction referenced above. On no occasion did my counsel, the judge who took the plea or counsel for the United States ever express any contrary understanding. The plea allocution related, as I understood it, to **one transaction**, that referenced above, not to any mail fraud which eventuated in Phillips inflating the price it charged Purdue for the XRPD machine.

6. I would not have plead guilty to mail fraud if I understood that I was accepting guilt for any wrongdoing with respect to the larger transaction. Indeed, had I been properly advised as to the consequences of a guilty plea to the larger transaction, I would have insisted on proceeding to trial.

7. After the plea, the Probation Department completed a draft pre-sentence report; from this, I first learned that Purdue and the government were taking the position that I had plead guilty to criminal wrongdoing associated with the $245,000 transaction and that Purdue was seeking restitution of about half of that sum.

8. As soon as I heard this, I protested to Mr. Mazzariello and Mr. Fallick and explained that I had done nothing wrong in that regard, that the sales price was negotiated by others, not by me, and that Phillips would attest to the market price charged Purdue.

9. Mr. Fallick continued to advise me that this was nothing to worry about and that he would submit information to the government and the probation officer clarifying the situation. He did make a submission with proof that I had committed no wrongdoing in this regard. See,

Exhibit 1 to Mr. Mazzariello's Affirmation.

10. Neither Mr. Fallick nor Mr. Mazzariello suggested pre-sentencing that I should withdraw my plea. I raised this issue with both of them, but Mr. Fallick was insisted that everything would be all right come sentencing and that I would receive probation as a sentence.

11. As noted earlier, sentencing was adjourned several times over a period of more than one year due to Purdue's "cooperation" with probation and Mr. Fallick's most unfortunate illness.

12. In March 2007, sentencing was scheduled; Mr. Fallick could not attend. He arranged for Mr. Ostrer to attend. He had not worked on my case and was not familiar with the open issue regarding the misconstrued plea, as explained above.

13. Indeed, erroneously, Mr. Ostrer told this Court that I was not challenging either the sum of restitution or the attendant sentencing range. I understand that my sentencing range was much higher because of the amount of the mail fraud to which I allegedly pleaded guilty, that is the $245,000 sale from Phillips to Purdue. However, as the initial allocution shows, I did not plead guilty to any mail fraud with regard to the sale of the XRPD machine and premising either restitution or sentencing on that conception was wrong and unjust.

14. As noted above, at my sentencing, Mr. Ostrer accepted both the sentencing range and the restitution. See, Exhibit 3. On this basis, the district court judge sentenced me to a term of 20 months in federal prison, within the 18-24 month range set by the guidelines for this offense. I note that, for sentencing purposes, my plea to the Narcotics count was irrelevant to the sentence. Id.

15. Mr. Fallick died in April 2007 and his law firm has perfected an appeal to the Second

Circuit on my behalf. I note that the amended brief in chief attacks the reasonableness of this Court's sentence. See, Exhibit 4. I disavow that argument and have instructed my current counsel to withdraw that appeal. The issue is NOT the reasonableness of the sentence based on my plea to two instances of mail fraud. The issue is that only by and through ineffective assistance of trial counsel was my plea ever construed as covering the first, much larger, instance of alleged mail fraud. I deny any guilt on that charge and have never wavered from that position.

16. Had I been afforded effective assistance of counsel, I would never had plead to the ambiguous mail fraud formulation used at the plea. I would have been told what I was pleading to and would have made it clear that I was not guilty of that count. Mr. Fallick never made this clear and, indeed, re-assured me that I was not pleading guilty to that offense. Likewise, had my counsel adequately or effectively represented me before sentencing, he would have made a motion to set aside my guilty plea, which was being construed as relating to the larger XRPD transaction. Finally, had I effective assistance of counsel, at sentencing [and before the imposition of sentence], my attorneys would have pronounced themselves and me UNREADY for sentence because I plead guilty to something different and distinct to that for which I was going to be sentenced. Most certainly, no effective counsel would have accepted a guidelines range and restitution sum seven times greater than the sum which I had been assured would obtain.

17. For these reasons, I am respectfully requesting a certificate under 28 U.S.C. sec. 2255 allowing me to file a petition for a writ of habeas corpus.

*[signature]*
ARTUR WOLLOCKO

Signed and Sworn to before me this 18 day of September 2007.

_____
NOTARY PUBLIC

My commission expires on _____.

D. Facey, Case Manager
Name, Title
Authorized by Act of July 7, 1955, as amended, to administer oaths (18 USC 4004)

Page -5-