## AFFIRMATION OF BENJAMIN OSTRER

STATE OF NEW YORK )
                  ) ss:s.
COUNTY OR ORANGE  )

Benjamin Ostrer, an attorney duly admitted to practice law in this Court, hereby states and deposes under pains and penalties of perjury:

1. I am an attorney with the law firm of Ostrer & Rosenwasser. I have represented clients in criminal matters including serious felonies in State and Federal Courts for most of my career beginning in 1977.

2. Sentencing in the matter of Artur Wollocko occurred in March 2007. Due to the serious illness of Mr. Fallick, I attended the sentencing as defendant's lead counsel. I was made aware of my need to attend this sentencing a few days in advance. While I had some contact with the case before sentencing, I was not fully conversant with the underlying facts.

3. At sentencing I did not contest the sentencing range contained in pre-sentence report. Based upon my conversation with Mr. Fallick in which he did not take issue with the range. I did not make my own calculation. Mr. Fallick suggested I argue for a downward departure. I did this without success. I do not recall speaking with Mr. Fallick or anyone else concerning the sum of restitution. I was not prepared to present argument on that issue and expressed acceptance of the sum sought in the Probation Department's pre-sentence report. This was not a strategic decision, but the consequence of my not being informed of the serious issues regarding the sum of restitution.

4. I do not recall having any discussion with anyone before sentencing [except as noted

in paragraph 2] regarding the guideline computation or the sum of restitution.

    5. In reviewing the file since sentencing, I am now aware that Mr. Wollocko strenuously denied committing the more serious aspect of mail fraud, i.e., the initial sale of the XRPD machine from Phillips to Purdue, and denied owing restitution of more than $100,000 arising from that transaction. I did not have a clear comprehension of this issue at the time of the sentencing and, with that limited state of knowledge, expressed acceptance to the restitution range and the consequent sentencing guideline.

    6. During the pendency of the case I had very limited contact with Mr. Wollocko after Mr. Fallick entered the case. I was not briefed concerning the restitution prior to sentencing.

BENJAMIN OSTRER

Signed and sworn to this 12th day of September 2007.

NOTARY PUBLIC

JUDITH D. BROKER
Notary Public, State of New York
No. 01BR5018164
Qualified in Bronx County
Commission Expires September 20, 20 09

Page -2-