UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

vs.                                                  **AFFIRMATION OF MICHAEL H.
                                                     SUSSMAN IN SUPPORT OF ORDER
                                                     TO SHOW CAUSE**

ARTUR WOLLOCKO,

        Defendant/Movant.
-----------------------------------------------------------x

    MICHAEL H. SUSSMAN, an attorney admitted to practice law in this Court and in good standing to do so, hereby deposes under pains and penalties of perjury:

    1. I have recently been retained by defendant/movant and make this Affirmation in support of this motion for relief brought pursuant to 28 U.S.C. sec. 2255. I make each and every statement herein based upon my review of the documentary record or my conversations with prior counsel, which are confirmed by Affirmations each surviving prior counsel has filed herewith.

    2. On March 7, 2007, this Court sentenced defendant to a term of imprisonment of twenty months to be followed by a three year term of supervised released. This Court also ordered defendant to pay his former employer, Purdue Pharmaceuticals $111,661. in restitution. A transcript of the sentencing is attached as Exhibit 1.

    3. Through other counsel, movant filed an appeal of that sentence with the Court of Appeals. By letter dated September 14, 2007, received in my office on September 21, 2007, defendant has directed appellate counsel to withdraw or retract that appeal. Appellate counsel have complied with that direction, restoring jurisdiction to this Court to hear this application.

4. My review of the record in this matter reveals the following: at the time of his plea on November 23, 2005 before the Honorable Lisa M. Smith, U.S.M.J., Mr. Wollocko understood that he was accepting responsibility for facilitating his company's purchase of certain equipment from his wife's company without disclosing the same to his employer. **See**, Exhibit 2 for transcript of plea. He understood that his wife's company received $17,000 in commission in consideration for facilitating this transaction. He understood that the penalty he faced would be calculated based upon that transaction and that transaction alone. My client gained that understanding through the representations of his then lead counsel, the late Barry Fallick, Esq. Michael Mazzariello, Esq., an attorney then working with Mr. Fallick on this case has confirmed that Mr. Fallick provided precisely this understanding to Mr. Wollocko. **See**, Affirmation of Michael Mazzariello, Esq. A review of the plea minutes confirms that Mr. Wollocko was not asked to allocute and did not ever explain to what he was pleading guilty. **See**, Exhibit 2, p. 20. Counsel for the United States stated, "We would prove that, on or about the dates in the indictment, and within this district and elsewhere, through witnesses and documents, that the defendant caused his employer to purchase what's referred to as an XRPD system without **disclosing his company's or his family's company's interest in the transaction...**" Mr. Wollocko has explained that he interpreted this language as a reference to that part of the information which referred to his wife's interest in the second transaction with which he was charged. His wife, he insists, had no interest of any sort in the first transaction.

5. After taking the plea, Mr. Wollocko learned through the pre-sentence investigation that he was being held responsible for paying restitution for two transactions, the one cited above and a much larger prior transaction through which, the Government alleged, Mr. Wollocko's wife

received an X-ray defraction machine for minimal consideration as a reward for defendant's steering his employer to pay an over-inflated price for a like machine. **See**, Exhibit 3 for copy of final pre-sentence report. Mr. Wollocko never admitted to this offense and did not do so at sentencing. He continues to insist that he played no role in this transaction and that his wife signed a lease agreement with Phillips, the supplies of the machine, in a transaction totally unrelated to Purdue's purchase of the machine. He has admitted that his wife's company benefited from this transaction and that he did not disclose her interest in urging the transaction upon Purdue.

6. Having learning that the government sought restitution for the larger transaction, Mr. Wollocko pressed his counsel to clarify that he had *not plead guilty* to this offense. His counsel made submissions to the Probation Office which established that Purdue had paid a fair, market price for the X-Ray defraction machine and that Wollocko played no role in the setting of that price. **See**, Exhibit 4, particularly page 11 ["our list price was significantly higher than the quoted $245,646 system price."].

7. Apprised of the position being taken in the pre-sentencing report and the likelihood that this report *would inform and dictate* a sentence far harsher than that they had represented to Mr. Wollocko, trial counsel still took no steps to withdraw defendant's plea.

8. After numerous delays caused by Mr. Fallick's progressive illness and other factors,, Your Honor sentenced defendant on March 7, 2007. **See**, Exhibit 1. Faced with a pre-sentence report which attributed responsibility to Mr. Wollocko for the two transactions described above *and the assent by defendant's own counsel to the sum due for restitution and the sentencing range*, this Court sentenced Mr. Wollocko to 20 months incarceration, 3 years of supervised

based on the pre-sentence report and this Court's understanding of prior events, the sentence was proper. However, at sentence, defendant's counsel continued to mis-represent his position. Rather than indicate their readiness for sentence or their agreement to the sentencing range and/or the sum of restitution, counsel should have plainly indicated that the sentence was going forward against their client's desire because he had not understood he was pleading guilty to the more substantial transaction which drove his sentence. The Affirmations of those involved, attorneys Mazzariello and Ostrer and their client, Wollocko, all bear out the situation and demonstrate the abject lack of ineffective assistance of counsel which my client received.

9. No strategic rationale can explain the ineffectiveness of counsel here and that ineffectiveness patently contributed to the client's [a] failure to understand his plea and [b] failure to understand the consequences of his plea. The entered plea was not "intelligent" or "knowing" because Wollocko believed he was pleading guilty to a single transaction and the government construed his plea as one to two transactions. As no allocution clarified the plea, the confusion was never clarified at the time the plea was entered. Then, when defendant's counsel had the chance to correct this, either before or at sentencing, they failed to do so, leaving defendant to be sentenced for a crime to which he did not knowingly enter a plea of guilty. In this circumstance, ineffective assistance of counsel deprived plaintiff of his 6th Amendment right and caused his unconstitutional sentencing. While we recognize that this Court did not commit error, ineffective assistance of counsel masked the error committed at the time of the plea and continued ineffectiveness compounded that error.

10. Defendant prays for his release due to ineffective assistance of trial counsel. He has now served more than four months in federal confinement. His plea should be deemed withdrawn

and the government should be determine whether it intends to try defendant on the transaction to which he never knowingly and intentionally entered a plea of guilty.

  WHEREFORE, the instant petition should be granted.

      _____
      MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

COUNSEL FOR DEFENDANT

Dated: September 24, 2007