Add. 1

1

5bnwollp

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA

4          v.                              05 Cr. 1235 (SCR)

5                                          Plea

6
   ARTUR WOLLOCKO,
7
              Defendant.
8
9  ------------------------------x

                                          White Plains, N.Y.
10                                        November 23, 2005
                                          9:45 a.m.
11

12 Before:

13         THE HONORABLE LISA MARGARET SMITH,

14                                        Magistrate Judge

15

16                    APPEARANCES

17

18 MICHAEL J. GARCIA
        United States Attorney for the
19      Southern District of New York
   DANIEL S. DORSKY
20      Assistant United States Attorney

21

   ROCHMAN, PLATZER, FALLICK, STERNHEIM, LUCA & PEARL
22      Attorneys for Defendant
   BARRY FALLICK
23

24 BENJAMIN, OSTRER & ASSOCIATES, P.C.
        Attorneys for Defendant
25 MICHAEL MAZZARIELLO

        CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
                  (914) 390-4103

Add. 2

5bmwollp

1          THE DEPUTY CLERK:  Your Honor, this is in the matter

2     of the United States of America v. Artur Wollocko.

3     Representing the government is Mr. Dorsky.  Mr. Fallick and

4     Mr. Mazzariello are here on behalf of the defendant.  And this

5     is the defendant's first appearance before the Court this

6     morning.

7          THE COURT:  Mr. Wollocko, I want to advise you that

8     this is not a trial.  It is my understanding that you have

9     decided to enter a plea of guilty in this case, and this

10    proceeding is a preliminary proceeding at which you will be

11    advised of certain of your rights and a district judge will be

12    selected to hear your case, after which you have the option of

13    entering your plea before that district judge or you have the

14    option of entering your plea before me.

15         This proceeding is also for the purpose of ensuring

16    that you are aware of all of your rights in connection with

17    that plea, and that any waiver of those rights is knowing and

18    voluntary prior to entering your plea of guilty, if you still

19    decide to do that.

20         Mr. Wollocko, if at any time you do not hear or

21    understand what I say to you, I want you to interrupt me so

22    that I can repeat and explain what I've said and so that you

23    can have an opportunity to consult with your attorney, to make

24    sure that you've heard and understood everything I've said and

25    everything I've asked you.

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

Add. 3

5bmwollp

```
 1              Do you understand that?
 2              THE DEFENDANT:  Yes.
 3              THE COURT:  And will you do that?
 4              THE DEFENDANT:  Yes, I will.
 5              THE COURT:  I want to advise you that you have an
 6   absolute right to remain silent at this and at every stage of
 7   the proceedings.  Any statement that you do make may be used
 8   against you.  You have this right to remain silent even if you
 9   have already made statements to law enforcement officers, and
10   you are not required to answer any questions that law
11   enforcement officers ask you from this moment on.
12              Do you understand that?
13              THE DEFENDANT:  Yes.
14              THE COURT:  You have an absolute right to be
15   represented by counsel at this and at every stage of the
16   proceedings against you, including representation during any
17   questioning by the authorities, during any lineup, and at all
18   court proceedings, including this one, and you have the right
19   to consult with your attorney prior to answering any questions.
20              Do you understand that?
21              THE DEFENDANT:  Yes.
22              THE COURT:  For that reason, you should consult with
23   your attorney before answering any further questions, including
24   questions that I'm going to ask you during this proceeding.
25              Do you understand that?
```

Add. 4

5bnwollp                                                                    4

1          THE DEFENDANT:  Yes, I do.

2          THE COURT:  Mr. Fallick, are you retained in the

3    matter?

4          MR. FALLICK:  Yes, your Honor.

5          THE COURT:  Mr. Wollocko, if you were to become unable

6    to afford your attorney's services, you would be entitled to

7    apply to the Court for a new attorney to represent you.  And if

8    the Court was satisfied that you could not afford to hire a

9    lawyer, a new lawyer would be appointed to represent you with

10   no cost to you.

11         Do you understand that?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Mr. Galvin, would you place the defendant

14   under oath.

15         (Defendant Artur Wollocko sworn)

16         THE COURT:  It is important for you to understand that

17   if you knowingly make a false statement during these

18   proceedings, you could be subject to prosecution for the crime

19   of perjury or for making a false statement to the Court, and

20   you could face a punishment of up to five years' imprisonment

21   and a $250,000 fine for committing such a crime.  Such

22   punishment would be separate and apart from any sentence you

23   may be facing on the crimes charged in the felony information.

24         Do you understand that?

25         THE DEFENDANT:  Yes.

Add. 5

5bmwollp

1          THE COURT:  What's your full name?

2          THE DEFENDANT:  Artur Wollocko.

3          THE COURT:  How old are you?

4          THE DEFENDANT:  Forty-nine.

5          THE COURT:  Do you read, write, speak and understand

6     the English language?

7          THE DEFENDANT:  Yes, I do.

8          THE COURT:  How far did you go in school?

9          THE DEFENDANT:  Master degree.

10         THE COURT:  Master's?

11         THE DEFENDANT:  Master's.

12         THE COURT:  And I take it that English is not your

13    native language.

14         THE DEFENDANT:  Correct.

15         THE COURT:  What's your native language?

16         THE DEFENDANT:  Polish.

17         THE COURT:  But you have no difficulty communicating

18    and understanding English?

19         THE DEFENDANT:  No.

20         THE COURT:  My concern, sir, is that you're entitled

21    to have an interpreter if you're having any difficulty

22    understanding me.

23         THE DEFENDANT:  If I will have difficulties, I will

24    ask you.  THE COURT:  All right.

25         THE COURT:  All right.

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

**Add. 6**

5bnwollp

1          Have you ever been hospitalized or treated for

2     narcotic or alcohol addiction?

3          THE DEFENDANT:  No.

4          THE COURT:  Have you today or at any time in your life

5     taken or used any drugs, marijuana, alcohol, medication, or any

6     other substance which currently affects your ability to think

7     or to understand these proceedings going on here today?

8          THE DEFENDANT:  No.

9          THE COURT:  You have been charged in this felony

10    information with one count of mail fraud and one count of

11    conspiracy to possess a controlled substance by

12    misrepresentation.

13          Mr. Galvin, would you arraign the defendant on the

14    waiver of indictment.

15          THE DEPUTY CLERK:  Very well.

16          Mr. Wollocko, I show you a document.  It constitutes a

17    waiver of indictment.  Is that your signature on the bottom of

18    the document?

19          THE DEFENDANT:  Yes, it is.

20          THE DEPUTY CLERK:  Did you read the document before

21    you signed it?

22          THE DEFENDANT:  Yes.

23          THE DEPUTY CLERK:  Did you discuss this document fully

24    with your attorney?

25          THE DEFENDANT:  Yes, I did.

Add. 7

5bnwollp

1          THE DEPUTY CLERK:  Are you satisfied with the services

2    of your attorney?

3          THE DEFENDANT:  Yes, I do.

4          THE DEPUTY CLERK:  Did your attorney discuss the

5    nature of this waiver with you?

6          THE DEFENDANT:  Yes.

7          THE DEPUTY CLERK:  Did you sign this document

8    voluntarily?

9          THE DEFENDANT:  Yes, I did.

10          THE DEPUTY CLERK:  Do you understand that you are

11    under no obligation to waive indictment?

12          THE DEFENDANT:  Yes, I do.

13          THE DEPUTY CLERK:  Do you understand that if you do

14    not waive indictment and the government wishes to prosecute

15    you, they must present your case to a grand jury, and the grand

16    jury could choose to indict you or the grand jury could choose

17    not to indict you?

18          Do you understand that?

19          THE DEFENDANT:  Yes, I do.

20          THE DEPUTY CLERK:  Have you seen a copy of the -- do

21    you know what a grand jury is?

22          THE DEFENDANT:  Yes, I do.

23          THE DEPUTY CLERK:  And have you seen a copy of the

24    felony information pending today before the Court?

25          THE DEFENDANT:  Yes, I have.

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

**Add. 8**

5bnwollp

1          THE DEPUTY CLERK:  Do you waive its public reading?

2          THE DEFENDANT:  Yes.

3          THE DEPUTY CLERK:  And how do you plead to the charges

4    contained in the felony information?

5          THE DEFENDANT:  Not guilty.

6          THE COURT:  Not guilty plea is entered.

7          The waiver of indictment is accepted and is marked as

8    Court Exhibit 1.  It will remain in the Court's file.

9          Mr. Dorsky, with regard to the issue of bail?

10          MR. DORSKY:  We consent to the defendant's release on

11    his own recognizance.

12          THE COURT:  Is there any need for Pretrial Services

13    supervision?

14          MR. DORSKY:  None that I'm aware of.

15          THE COURT:  I take it that Mr. Wollocko has been aware

16    of the investigation for some time.

17          MR. DORSKY:  That's correct, your Honor, for quite

18    some time.

19          THE COURT:  Mr. Adams, what is the status of your

20    report.

21          MR. ADAMS:  I didn't have the time to write it due to

22    the time constraints of the report.  The preliminary results,

23    no prior arrests.  He did indicate naturalized citizenship.

24    I'm waiting for INS to confirm that.  He could not void the

25    urinalysis, so if the Court requires that he voids after the

Add. 9

5bnwollp

1    proceedings, we will have it done.

2            THE COURT:  All right.

3            In the ordinary course, we do require that a

4    urinalysis be conducted, so I will require you to return to

5    Pretrial Services after this proceeding.

6            Also, Mr. Fallick, has your client appeared to be

7    processed by the marshals?

8            MR. FALLICK:  He has already, your Honor.

9            THE COURT:  If you will return to Pretrial Services.

10    I will release the defendant on his own recognizance unless I

11    learn something new from Pretrial Services that has not been

12    revealed previously.

13            MR. ADAMS:  Thank you, your Honor.

14            THE COURT:  You should understand, Mr. Wollocko, that,

15    although you're being released on your own recognizance, this

16    is a setting of bail, which means that, upon your release, you

17    must refrain from committing any violations of law whatsoever,

18    including federal, state and local crimes.  If you commit a

19    felony while you are on release for this charge, you maybe be

20    subject to an additional term of ten years.  That's in addition

21    to what you may be facing on this charge and in addition to

22    what you may be facing on the new charge.  If you commit a

23    misdemeanor while you are on release, the additional prison

24    term would be up to one year.

25            If you violate any of the conditions of release, your

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

**Add. 10**

5bnwollp

1    bail may be immediately revoked, and you may be detained

2    pending trial.  In addition, you may be prosecuted for contempt

3    of Court.  If you fail to appear in court when you are required

4    to do so, you may be committing the crime of bail jumping,

5    which would subject you to an additional punishment separate

6    and apart from the charges you're facing here.  The punishment

7    for bail jumping in this case is up to ten years and a $250,000

8    fine.

9            Do you understand that?

10           THE DEFENDANT:  Yes, I do.

11           THE COURT:  Mr. Galvin, it is a wheel A case.  Draw a

12   card, please.

13           (Pause)

14           THE COURT:  The matter is assigned to Judge Robinson.

15           The instructions of Judge Robinson are that, where

16   there is an agreement to enter a guilty plea, the plea may be

17   entered before me on the consent of the parties.

18           Mr. Fallick, is it your client's wish to proceed

19   before me?

20           MR. FALLICK:  Yes, your Honor.

21           THE COURT:  Mr. Wollocko, this proceeding is referred

22   to as a plea allocution.  I want you to understand that you

23   have the absolute right to have this plea allocution conducted

24   before a United States District Judge.  It is the District

25   Judge, in this case, Judge Robinson, who will impose sentence

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

Add. 11

5bmwollp

1   in your case.  If you consent and if you agree, then I will

2   conduct the plea allocution, and I will then make a report to

3   the District Judge in which I will recommend whether or not he

4   should accept your plea of guilty.  I will make that

5   recommendation based on the information that is brought out

6   during today's proceedings.

7           It is important for you to understand that the Court

8   will not accept your plea unless the Court is satisfied that

9   you fully understand all of your rights and that you are, in

10  fact, guilty.

11          Do you understand that?

12          THE DEFENDANT:  Yes, I do.

13          THE COURT:  Do you understand that you have an

14  absolute right to have this plea allocution conducted before a

15  United States District Judge?

16          THE DEFENDANT:  Yes, I do.

17          THE COURT:  Do you agree and is it your wish that I

18  should conduct the plea allocution?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Mr. Galvin, would you have the defendant

21  identify his signature on the consent form, please.

22          THE DEPUTY CLERK:  Mr. Wollocko, I show you a

23  document.  It's entitled Consent to Proceed Before a United

24  States Magistrate Judge on a Felony Plea Allocution.  Is this

25  your signature on the bottom of the document?

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

**Add. 12**

5bnwollp

1              THE DEFENDANT:  Yes, it is.

2              THE DEPUTY CLERK:  Did you read the document before

3       you signed it?

4              THE DEFENDANT:  Yes, I did.

5              THE DEPUTY CLERK:  And did you discuss this document

6       fully with your attorney?

7              THE DEFENDANT:  Yes, I did.

8              THE COURT:  Mr. Wollocko, did anyone threaten you or

9       coerce you or promise you anything in order to get you to sign

10      this consent form?

11             THE DEFENDANT:  No.

12             THE COURT:  Did you sign the form freely and

13      voluntarily?

14             THE DEFENDANT:  Yes, I did.

15             THE COURT:  Mr. Fallick, do you know of any reason why

16      the Waiver and Consent to Proceed with a Felony Plea Allocution

17      Before a United States Magistrate Judge should not be accepted?

18             MR. FALLICK:  No, your Honor.

19             THE COURT:  I find that Artur Wollocko is fully

20      competent and capable of waiving his right to appear before a

21      United States District Judge in order to enter his plea of

22      guilty.  I, therefore, accept the consent form, which I have

23      signed and which will be a part of the Court's record as Court

24      Exhibit 2.

25             Mr. Wollocko, do you understand that your right to be

Add. 13

5brnwollp

1  represented by an attorney continues through every stage of the

2  proceedings, including trial and appeal, and that you have this

3  right whether or not you choose to plead guilty to these

4  offenses?

5  THE DEFENDANT:  Yes, I do.

6  THE COURT:  Have you had sufficient opportunity to

7  consult with your attorney about your case, and especially

8  about your decision to plead guilty?

9  THE DEFENDANT:  Yes.

10  THE COURT:  Have you told your attorney everything you

11  know about this case?

12  THE DEFENDANT:  Yes.

13  THE COURT:  Mr. Fallick, am I correct in understanding

14  that there is no plea agreement in the matter?

15  MR. FALLICK:  That's correct, your Honor.

16  THE COURT:  Mr. Wollocko, if you were convicted of the

17  charges in this felony information, either after trial or by

18  plea of guilty, you would be subject on Count One to a maximum

19  term of 20 years; a maximum fine of $250,000 or twice the gross

20  gain or twice the gross loss resulting from the offense,

21  whichever amount is greater; a term of supervised release of up

22  to three years; a mandatory $100 special assessment; and

23  restitution in the approximate amount of $80,000.

24  If you were sentenced to a term of imprisonment, even

25  if you were sentenced to the maximum term of imprisonment, and

CHRISTINA M.  ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

**Add. 14**

5bnwollp

1  if you were also sentenced to a term of supervised release, and

2  if you then violate the conditions of supervised release, you

3  could be sentenced to an additional term of imprisonment for

4  violating the conditions of your supervised release, which, in

5  this case, would be an additional term of up to three years.

6        In addition, if you violate the conditions of your

7  supervised release, you would not receive credit for any time

8  already served in prison or for time served on supervised

9  release.

10        Do you understand that these are the possible

11  sentences that could be imposed following your plea of guilty

12  in this matter?

13        THE DEFENDANT:  Yes, I do.

14        THE COURT:  Are you an American citizen?

15        THE DEFENDANT:  Yes.

16        THE COURT:  Do you understand that you're pleading

17  guilty to a felony offense, and such an adjudication may

18  deprive you of certain valuable civil rights, which may include

19  the right to vote; the right to hold public office; the right

20  to serve on a jury; the right to possess any type of firearm,

21  including rifles or shotguns; the right to be considered for

22  certain types of employment or to be bonded; and the right to

23  possess or obtain certain government-issued licenses, including

24  licenses that may be required for certain professions and

25  occupations?

**Add. 15**

5bnwollp

1        Do you understand that?

2        THE DEFENDANT:  Yes, I do.

3        THE COURT:  Do you understand that these are the

4    possible legal consequences of entering a guilty plea in this

5    case?

6        THE DEFENDANT:  Yes.

7        THE COURT:  Do you understand that the United States

8    Sentencing Commission has issued guidelines for judges to

9    follow in determining the appropriate sentence in a criminal

10    case?

11        THE DEFENDANT:  Yes, I do.

12        THE COURT:  Do you understand that these guidelines

13    are not mandatory, but they must be considered by the Court

14    when the Judge determines the appropriate sentence to impose?

15        Do you understand that?

16        THE DEFENDANT:  Yes.

17        THE COURT:  Have you and your attorney talked about

18    how the sentencing guidelines would be calculated in your case?

19        THE DEFENDANT:  Yes.

20        THE COURT:  Do you understand that the District Judge

21    will consider the guidelines, but that he will impose a

22    sentence in accordance with the statute, which, in this case --

23    I'm sorry, I didn't recount Count Two, did I?

24        MR. DORSKY:  No, your Honor.

25        THE COURT:  I apologize.  I had given you the

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

**Add. 16**

5bnwollp

1    sentencing limitations on Count One.  I need to also tell you

2    that, under Count Two, you would be subject to a maximum term

3    of imprisonment of four years; a maximum fine of the greater of

4    $250,000 or twice the gross gain or twice the gross loss

5    resulting from the offense; a term of supervised release of up

6    to three years; and a mandatory $100 special assessment.

7           Do you understand that these are the possible

8    sentences that you face under Count Two?

9           THE DEFENDANT:  Yes.

10          THE COURT:  Do you understand that the District Judge

11   will consider the guidelines, but that he will impose a

12   sentence in accordance with the statute, which, in this case,

13   means that the prison term will be not more than twenty years

14   under Count One and not more than four years under Count Two,

15   meaning that you technically face a maximum term of twenty-four

16   years?

17          Do you understand that?

18          THE DEFENDANT:  Yes, I do.

19          THE COURT:  Do you understand that the government has

20   provided a letter to your attorney commonly referred to as a

21   Pimentel letter, which provides the government's understanding

22   of how the guidelines would apply to your case?

23          Do you understand that?

24          THE DEFENDANT:  Yes, I do.

25          THE COURT:  Do you understand that the guidelines

Add. 17

5bnwollp

1   calculation that the government has presented to your attorney

2   is not binding upon you or your attorney, it's not binding upon

3   the Probation Department when they prepare the presentence

4   report, and it's not binding upon the Judge?

5           Do you understand that?

6           THE DEFENDANT:  Yes, I do.

7           THE COURT:  Do you understand that the government, in

8   fact, may change their position and may make a different

9   recommendation to the Court as to how the guidelines apply to

10  your case?

11          Do you understand that?

12          THE DEFENDANT:  Yes, I do.

13          THE COURT:  Do you understand that the Court may reach

14  a guidelines calculation that's even higher than the range

15  that's set forth in the Pimentel letter?

16          Do you understand that?

17          THE DEFENDANT:  Yes, I do.

18          THE COURT:  Do you understand that the Court will not

19  be able to determine the appropriate sentence for your case

20  until after the presentence report has been prepared and you

21  and your attorney, as well as the government, have had an

22  opportunity to challenge the facts reported in the presentence

23  report as well as the calculation of the sentencing guideline

24  range and any sentence recommendation in that report?

25          Do you understand that?

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

Add. 18

5bnwollp

1      THE DEFENDANT:  Yes, I do.

2      THE COURT:  Do you also understand that if there are

3  any objections to the presentence report, that those objections

4  will be ruled on by the Court, and, if necessary, a hearing

5  will be held to determine what information is relevant to the

6  Court's determination of the sentence?

7      THE DEFENDANT:  Yes, I do.

8      THE COURT:  Do you also understand that if you

9  disagree with the Court's sentencing determination, that will

10  not give you a basis for withdrawing your plea of guilty?

11      THE DEFENDANT:  Yes, I do.

12      THE COURT:  Do you understand that parole has been

13  abolished, and if you are sentenced to a term of imprisonment,

14  you will not be eligible for early release on parole?

15      THE DEFENDANT:  Yes, I do.

16      THE COURT:  Do you understand that you do not have to

17  plead guilty and you have an absolute right to plead not guilty

18  and to have the matter go to trial by judge or by jury?

19      THE DEFENDANT:  Yes, I do.

20      THE COURT:  Do you understand that if you choose to

21  plead not guilty, you are entitled to have a speedy and public

22  trial of your case?

23      THE DEFENDANT:  Yes, I do.

24      THE COURT:  Do you understand that, at any trial of

25  this matter, you would be entitled to the presumption of

Add. 19

5bmwollp

1  innocence, and that the presumption would remain with you until

2  the government proves each and every element of any one or more

3  of the crimes charged beyond a reasonable doubt to the

4  satisfaction of the judge if it is a judge trial or to the

5  unanimous satisfaction of the jury if it is a jury trial?

6      THE DEFENDANT:  Yes, I do.

7      THE COURT:  At such a trial, you would have the right,

8  with the help of your attorney, to confront and cross-examine

9  the witnesses against you.  You would have the right to call

10  witnesses to testify for you and to have subpoenas issued to

11  compel witnesses to give testimony.  You would also have the

12  right to testify at your trial, but you could not be forced to

13  testify.  If you decided not to testify, your decision to

14  remain silent could not be held against you in any way.

15      At your trial, you would also have the right I had

16  spoken of to the assistance of an attorney and to have an

17  attorney appointed to represent you without fee if you could

18  not afford counsel.

19      Do you understand that if you plead guilty to the

20  charges in this felony information, that you would give up your

21  right to a trial and, except for the right to counsel, you

22  would also give up all the other rights which I have explained

23  to you here?

24      THE DEFENDANT:  Yes, I do.

25      THE COURT:  Mr. Wollocko, have you clearly heard and

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

**Add. 20**

5bmwollp

1  understood everything I've said to you?

2  THE DEFENDANT:  Yes, I did.

3  THE COURT:  Do you have any questions either for me or

4  for your attorney about anything I've said or about anything

5  I've asked you?

6  THE DEFENDANT:  No.

7  THE COURT:  Mr. Dorsky, what are the elements of the

8  offenses, and what is the government prepared to prove at trial

9  in order to establish those elements?

10  MR. DORSKY:  With respect to Count One, the elements

11  are that there was a scheme to defraud in which the defendant

12  participated, the purpose of which was to obtain money or

13  property, and the defendant caused mail to be sent and

14  delivered either through the U.S. postal system or a private

15  carrier in furtherance of this scheme.

16  We would prove that, on or about the dates in the

17  indictment, and within this district and elsewhere, through

18  witnesses and documents, that the defendant caused his employer

19  to purchase what's referred to as an XRPD system without

20  disclosing his company's or his family's company's interest in

21  the transaction, and that he caused mail to be delivered in

22  furtherance of this scheme.

23  With respect to Count Two, the elements are that the

24  defendant conspired to violate the narcotics laws, the object

25  of which conspiracy was to possess a controlled substance

Add. 21

5bnwollp

1   through misrepresentation, and that an overt act was committed

2   in furtherance of the scheme.

3           We would prove, through witnesses, documents and

4   tape-recorded conversations with the defendant, that he had a

5   company known as IPBL; that he advertised -- that IPBL was

6   registered with the Drug Enforcement Administration and

7   approved to handle narcotic products, and that he also made

8   verbal representations in accordance with that, but that, in

9   fact, IPBL was not registered or approved by the DEA to handle

10  narcotics.

11          THE COURT:  Mr. Wollocko, did you hear what -- I'm

12  sorry.

13          Did you say where this happened?

14          MR. DORSKY:  Within the Southern District of New York.

15          THE COURT:  Mr. Wollocko, did you hear what the

16  Assistant United States Attorney said?

17          THE DEFENDANT:  Yes.

18          THE COURT:  At this time, how do you wish to plead to

19  the charge of mail fraud as set forth in Count One of the

20  felony information?

21          THE DEFENDANT:  Guilty.

22          THE COURT:  How do you wish to plead to the charge of

23  conspiracy to possess a controlled substance by

24  misrepresentation as set forth in Count Two of the felony

25  information?

## Add. 22

5bnwollp

1          THE DEFENDANT:  Guilty.

2          THE COURT:  Has anyone threatened you or coerced you

3    or pressured you improperly in order to get you to plead guilty

4    to these charges?

5          THE DEFENDANT:  No.

6          THE COURT:  Has anyone made any promises to you in

7    order to induce you to plead guilty?

8          MR. FALLICK:  Your Honor, the government has made

9    representations that, in exchange for Mr. Wollocko's plea, they

10   will not bring charges or prosecute his wife, Hannah Wollocko.

11         THE COURT:  Say the name again.

12         MR. FALLICK:  Excuse me?

13         THE COURT:  Say her name again.

14         MR. FALLICK:  Hannah Wollocko.

15         MR. DORSKY:  That's correct, your Honor.  We will not

16   prosecute Mrs. Wollocko with respect to either of these charges

17   as well.

18         THE COURT:  All right.

19         Anything else, Mr. Fallick?

20         MR. FALLICK:  No, your Honor.

21         THE COURT:  Mr. Wollocko, has anyone made any specific

22   promise to you about what the sentence of the Court will be?

23         THE DEFENDANT:  No.

24         THE COURT:  Tell me in your own words what you did to

25   commit these crimes.

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

## Add. 23

5bmwollp

1        THE DEFENDANT:  Between August 1998 to February 27,

2 2003, I was employed by a company named Purdue, which is

3 located in Ardsley, New York.

4        I recommended to Purdue that they purchase and X-ray

5 power diffraction machine.  In addition, I also recommended to

6 Purdue that they purchase computer equipment for use with the

7 XRPD machine from International Pharmaceutical and

8 Biotechnology Laboratories, a company that I and my family were

9 associated with.

10        I knowingly and willfully failed to inform Purdue of

11 my family's interest in IPBL, and also failed to inform Purdue

12 that IPBL received a commission from the sale of the computer

13 equipment.  My employment contract required I inform Purdue of

14 this information.  In this connection, mail was sent and

15 received.  And -- that's it.

16        THE COURT:  Did you say, "In this connection, mail was

17 sent and received?"  Is that what you said?

18        THE DEFENDANT:  Yes, I did.

19        THE COURT:  And that was for purposes of furthering

20 the scheme that you've just described?

21        THE DEFENDANT:  Yes.

22        THE COURT:  At least some of your actions took place

23 in or around Ardsley, New York?

24        THE DEFENDANT:  Yes.

25        THE COURT:  Did you commit these acts knowingly and

**Add. 24**

24

5bnwollp

1   willfully?

2                  THE DEFENDANT:  Yes.

3                  THE COURT:  All right.  With regard to Count two.

4                  THE DEFENDANT:  In 2003, in Goshen, New York, I agreed

5   with another person to violate the narcotic laws of United

6   States by having IPBL maintain a website stating that the

7   company was approved by Drug Enforcement Administration to

8   handle narcotic products when, in fact, the approval for the

9   company from the DEA was still pending.

10                  THE COURT:  And you and this other person set up a

11  website that advertised --

12                  THE DEFENDANT:  Correct.

13                  THE COURT:  -- that information that you knew to be

14  wrong?

15                  THE DEFENDANT:  Correct.

16                  THE COURT:  And was it your intention to at least try

17  to obtain access to the various products that you would

18  otherwise have been certified to and approved to handle,

19  including narcotic products?

20                  THE DEFENDANT:  Could you --

21                  THE COURT:  Was it your intention, by putting this

22  information on the website, to be able to handle narcotic

23  products as you would have been if you had been approved?

24                  THE DEFENDANT:  Correct, yes.

25                  THE COURT:  And this took place in and near Goshen,

Add. 25

5bnwollp

1    New York?

2              THE DEFENDANT:  Correct.

3              THE COURT:  Did you commit these acts knowingly and

4    willfully?

5              THE DEFENDANT:  Yes, I did.

6              THE COURT:  Did you know it was against the law to do

7    the things that are described in Counts One and Two and that

8    you have described to me here?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Is there anything else which either

11   counsel believes the Court needs to elicit from the defendant

12   before making the recommendation contemplated by Rule 11?

13             Mr. Dorsky?

14             MR. DORSKY:  Nothing, your Honor.  Thank you.

15             THE COURT:  Mr. Fallick?

16             MR. FALLICK:  No, your Honor.

17             THE COURT:  Mr. Fallick, do you know of any reason why

18   the Court should not accept your client's plea of guilty in

19   this matter?

20             MR. FALLICK:  No, your Honor.

21             THE COURT:  Mr. Dorsky, do you know of any reason why

22   the Court should not accept the defendant's plea of guilty in

23   this matter?

24             MR. DORSKY:  No, your Honor.

25             THE COURT:  Mr. Wollocko, in light of everything that

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

**Add. 26**

5bnwollp

1    has been said here today, is it still your wish and do you now

2    plead guilty to the charges set forth in this felony

3    information?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Upon this allocution, I find that the

6    defendant, Artur Wollocko, is fully competent and capable of

7    entering an informed plea, the plea is knowing and voluntary

8    and is supported by an independent factual basis for each and

9    every element of the crimes charged.  Accordingly, I

10   respectfully report and recommend to Judge Robinson that the

11   plea should be accepted, and that the defendant should be

12   adjudged guilty of the offenses charged in the felony

13   information.

14        Pursuant to Title 28, United States Code, Section

15   636(b)(1) and Federal Rules of Civil Procedure 72(b) and 6(a),

16   the parties have a total of ten working days from today's date

17   to file written objections to this report and recommendation.

18   Such objections, if any, shall be filed with the Clerk of the

19   Court with additional copies delivered to the chambers of the

20   Honorable Stephen C. Robinson and to my chambers here in this

21   courthouse located at 300 Quorropas Street, White Plains, New

22   York.

23        Failure to file timely objections will preclude later

24   appellate review of any order of judgment that will be entered

25   relating to this report and recommendation.

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

Add. 27

5bnwollp

1        Requests for extensions of time to file objections
2    must be made to Judge Robinson.
3        I direct that a presentence investigation be conducted
4    by the United States Department of Probation.
5        After this proceeding, Mr. Wollocko, you must go to
6    the Department of Probation on the ground floor of this
7    building, either before or after you go to Pretrial Services.
8    You will need to do both.  Your attorney must accompany you to
9    the Probation Department.  Either today or on some other day
10   that will be scheduled, you will be interviewed by a
11   representative of the Department of Probation.  I'm sure that
12   you will be assisted by your attorney in connection with that
13   interview, and you're entitled to have your attorney present
14   during the interview if you wish.
15       You must be fully honest and truthful during that
16   interview, because if it comes to the Court's attention that
17   you have provided false, incomplete or misleading information,
18   that may be held against you at the time of sentencing.
19       Do you understand that?
20       THE DEFENDANT:  Yes, I do.
21       THE COURT:  I further direct the court reporter to
22   provide a transcript of these proceedings within 30 days
23   setting forth my report and recommendation to Judge Robinson.
24   The transcript is to come to me for review.
25       The matter is adjourned for sentencing.

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

**Add. 28**

5bnwollp

1         Mr. Galvin.

2         THE DEPUTY CLERK:  February 23rd at 9 a.m.

3         THE COURT:  Counsel should contact Judge Robinson's

4    chambers prior to that date to confirm the date and time of

5    sentencing.

6         Anything further, Mr. Dorsky?

7         MR. DORSKY:  Nothing.  Thank you, your Honor.

8         THE COURT:  Mr. Fallick?

9         MR. FALLICK:  Nothing, your Honor.  Thank you.

10

11                           - - - -

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103